**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                                          :
GLADYS ESPINAL, on behalf of herself and all   :
other similarly situated,                               :
                                                          :
                    Plaintiff,                          :    Civil Action No.
                                                          :
vs.                                                      :    **CLASS ACTION COMPLAINT AND**
                                                          :    **JURY TRIAL DEMAND**
FIRST NATIONAL COLLECTION BUREAU,     :
INC., and LVNV FUNDING LLC,                  :
                                                          :
                    Defendants.                       :
                                                          :
—————————————————————X


Plaintiff GLADYS ESPINAL, on behalf of herself and all others similarly

situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against

the above-named Defendants FIRST NATIONAL COLLECTION BUREAU, INC. and

LVNV FUNDING LLC  (collectively" Defendants"), their employees, agents, and

successors, the following:


## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, County of Bergen, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Based upon information and belief defendant FIRST NATIONAL COLLECTION BUREAU, INC. ("First National") is a corporation organized under the laws of the State of Nevada with its principle place of business located in Sparks, Nevada.

9.     Based upon information and belief, Defendant LVNV FUNDING LLC, ("LVNV) is a Delaware limited liability company engaged in the business of collecting debts in this with its principal place of business located in Greenville, South Carolina.

10.    Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendants are each a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class consists of:

•     All New Jersey consumers who were sent collection letters and/or notices from Defendants concerning a debt originally owed to Credit One Bank, N.A. (the "Original Creditor") and which contained at least on one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

• The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> • Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

> • There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

>> a. Whether Defendants violated various provisions of the FDCPA, including, but not limited to:  15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692(f)(1);

>> b. Whether Defendants misrepresented the amount  of the alleged debt, including the attempt to collect interest which they were not entitled to;

4

    c.  Whether the Defendants demanded an amount owed that was greater than the actual balance due;

    d.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    e.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    f.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.


## STATEMENT OF FACTS

14.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.    Prior to April 2010, Plaintiff allegedly incurred a financial obligation to Credit One Bank, N.A. ("Credit One").

16.    The Credit One obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

6

17.     The alleged Credit One obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     Credit One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     Credit One was engaged in the business of extending credit to individuals in amounts less than $50,000 that were not secured by a first mortgage. Based upon information and belief it did so more than 26 times per year in New Jersey.

20.     At some time prior to April 2010, the Credit One obligation became past due.

21.     At some time during April 2010, the Credit One obligation was charged-off.

22.     Subsequently, upon information and belief, the Credit One obligation was sold one or more times, and was ultimately acquired by Defendant LVNV.

23.     When LVNV purchased the subject account, the debt was already delinquent and in default.

24.     Defendant LVNV then referred the Credit One obligation for collection to defendant First National.

25.     On or April 15, 2016, Defendants sent Plaintiff a collection letter with a balance due of $1,094.15.  See, attached Exhibit A.

26.     The April 15, 2016 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and/or other charges.

27.     The outstanding balance claimed to be due by Defendants on the Credit One obligation in the April 15, 2016 collection letter included interest and/or other charges.

7

28.    The April 15, 2016 collection letter did not inform Plaintiff that the amount of the debt included interest and/or other charges.

29.    At the time Defendants sent out the April 15, 2016 collection letter, neither Defendant was properly licensed under the New Jersey Licensed Lender Act, N.J.S.A. § 17:11C-1, *et seq.* or the New Jersey Consumer Finance Licensing Act, authorizing it to make consumer loans, or to buy, discount or endorse notes (loans) or to receive interest.

30.    At all relevant times, neither defendant was licensed by the New Jersey Department of Banking and Insurance.

31.    Since LVNV was not a licensed consumer lender in New Jersey, it was not allowed to collect interest or other charges from Plaintiff.

32.    However, Defendants have attempted to collect interest. Late payments or other charges from Plaintiff

33.    Plaintiff did not owe Defendants interest, late payment or other charges.

34.    The April 15, 2016 collection letter was sent to Plaintiff in connection with the collection of the Credit One obligation.

35.    LVNV was not entitled to seek payment nor collect interest or other charges for any consumer loans, including Plaintiff's Credit One obligation, since it was not a New Jersey licensed consumer lender at the time the collection letter was sent.  See, Veras v. LVNV Funding, LLC, 2014 WL 1050512, (D. N.J. Mar. 17, 2014).

36.    Defendant First National, an agent of unlicensed LVNV, was not entitled to seek payment nor collect interest or other charges on behalf of Defendant LVNV for

the Credit One obligation.

37.     Additionally, the April 15, 2016 collection letter sought to collect on a Credit One obligation which was time-barred and which defendants knew they could not sue on.

38.     The April 15, 2016 collection letter stated:

In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay.

39.     Defendants' statement in the April 15, 2016 collection letter regarding the restarting of the statute of limitations is false and misleading.

40.     The April 15, 2016 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

41.      Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendants.

42.     Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

43.     Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

44.     Defendants violated Plaintiff's right to a trustful and fair debt collection process.

45.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendants.

46.     Plaintiff had the right to receive from Defendants accurate information as

to amount of the debt.

47.    Defendants' April 15, 2016 collection letter which unlawfully sought the collection of interest caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information as to the actual amount of the alleged debt that she owed.

48.    Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

50.    As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of defendants' failure to provide Plaintiff information required under the FDCPA.

51.    Plaintiff's receipt of a collection letter which wrongly assessed interest and/or other charges is a concrete injury.

52.    The failure of Defendants to provide this information impeded Plaintiff's ability to make a well-reasoned decision.

53.    Defendants failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she

hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

54.    Defendants' providing of incorrect and inflated debt information may have a negative impact on Plaintiff's credit score, can impact her ability to get credit, and can subject her to higher borrowing cost in the future.

55.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

56.    Based upon information and belief, within the last year, Defendants sent collection letters to numerous New Jersey consumers that included a demand for an amount that included a collection fee, interest or other fee that it was not entitled to.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

57.    Plaintiff repeats the allegations contained in paragraphs 1 through 56 as if the same were set forth at length.

58.    Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

59.    By sending collection letters, the same as or substantially similar to the April 15, 2016 letter, which identified an amount owed that was greater than the actual balance due and which including false statements, violated several provisions of the FDCPA, including, but not limited:

   A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

11

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.   15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.   15 U.S.C. §1692e(2)(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

E.   15 U.S.C. § 1692e(10) of the FDCPA by of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

F.   15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and

G.   15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.


Dated:  Rutherford, New Jersey
         April 15, 2017

                              Respectfully submitted,



                         By: s/ Lawrence C. Hersh
                              Lawrence C. Hersh, Esq.
                              17 Sylvan Street, Suite 102B
                              Rutherford, NJ  07070
                              (201) 507-6300
                              *Attorney for Plaintiff*



## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: April 15, 2017             By: s/ Lawrence C. Hersh
                                      Lawrence C. Hersh, Esq

EXHIBIT A



First
National
Collection
Bureau, Inc.

610 Waltham Way
Sparks, NV 89434
(800) 824-6191

Dept. # 21377
PO Box 1259
Oaks, PA 19456

ADDRESS SERVICE REQUESTED

April 15, 2016
Office Hours:
Mon. - Fri. 6 A.M. - 6 P.M.
Pacific Standard Time

*Please remit all correspondence
to the above address

991020

GLADYS ESPINAL

53148 - 2195

Current Creditor: LVNV Funding LLC
Original Creditor: Credit One Bank, N.A./
Account #: ████1030
Ref #: ████315
Original Account #: ████6194
Total Due: $1,094.15

**PAY YOUR ACCOUNT        20% IN 5 PAYMENTS**

Our client LVNV Funding LLC is offering you a discounted offer of $218.83 in 5 payments over 5 months starting on 05/13/16.
(28 days)

Once payments totaling $218.83 have been paid to our office on time, we will consider this account satisfied in full.

Payments may not be more than 30 days apart or this discounted offer may be cancelled. Please send in the payments along with the payment stub to the address listed on the coupon.

If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.
In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

If you wish to speak with a representative please call (800) 824-6191.

Sincerely,

First National Collection Bureau, Inc.
(800) 824-6191

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

**For your convenience, if you would like to make your payment online, visit our website at www.fncbinc.com.**

*Detach Coupons And Mail Payment*

| 1 OF 5 | 2 OF 5 | 3 OF 5 |
|---|---|---|
| Ref #: ████315 | Ref #: ████315 | Ref #: ████315 |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. |
| PO BOX 51660 | PO BOX 51660 | PO BOX 51660 |
| SPARKS, NV 89435 | SPARKS, NV 89435 | SPARKS, NV 89435 |
| PAYMENT AMT - $43.77 | PAYMENT AMT - $43.77 | PAYMENT AMT - $43.77 |
| DUE DATE - 05/13/16 | DUE DATE - 06/12/16 | DUE DATE - 07/12/16 |
| DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT |

| 4 OF 5 | 5 OF 5 | |
|---|---|---|
| Ref #: ████315 | Ref #: ████315 | |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | |
| FNCB INC. | FNCB INC. | |
| PO BOX 51660 | PO BOX 51660 | |
| SPARKS, NV 89435 | SPARKS, NV 89435 | |
| PAYMENT AMT - $43.77 | PAYMENT AMT - $43.75 | |
| DUE DATE - 08/11/16 | DUE DATE - 09/10/16 | |
| DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT | |

1 of 1

53148-A25-2195